298 F.2d 476
 In the Matter of ART NATIONAL MANUFACTURERS DISTRIBUTING
CO., Louis Watch Co., Louis Friedman, Martin
Friedman and Albert Friedman, Petitioners,
v.
FEDERAL TRADE COMMISSION, Respondent.
 No. 147, Docket 27080.
 United States Court of Appeals Second Circuit.
 Argued Jan. 4, 1961.
Decided Jan. 26, 1962.
 
 Ben Paul Noble, Washington, D.C. (Noble & Moyle, Washington, D.C., of counsel), for petitioners.
 John W. Carter, Jr., Atty., Federal Trade Commission, Washington, D.C. (James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Washington, D.C., on the brief), for respondent.
 Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners ask this Court to review and set aside an order of the Federal Trade Commission issued May 10, 1961, directing Art National Manufacturers Distributing Co., Inc., Louis Watch Company, Inc., corporations, and Louis Friedman, Martin Friedman and Albert Friedman, individually and as officers of said corporations to cease and desist from certain unfair and deceptive acts in violation of the Federal Trade Commission Act.[1]
 
 
 2
 Order Affirmed and enforcement ordered.
 
 
 3
 The Federal Trade Commission heard this matter on cross-appeal from the hearing examiner's initial decision partially upholding and partially dismissing the complaint. The petition seeks review of the action of the Commission in striking finding 14 of the hearing examiner's initial decision and substituting therefor its own finding.
 
 
 4
 The examiner's finding 14 concluded: 'The allegations of the complaitn relating to the preticketing of watches with fictitious retail prices have not been sustained by the evidence.' The Commission held:
 
 
 5
 'Under the circumstances of this matter where one family owns and controls the entire operation, respondents are in a poor position to deny that Louis watches are not preticketed with fictitious prices when they themselves regularly sell the watches to all comers at prices which are only a fraction of said preticketed prices. Thus, we find that the hearing examiner's refusal to order all respondents to cease this practice was in error.'
 
 And substituted its own finding 14:
 
 6
 'All respondents have cooperated in the practice of misrepresenting by preticketing and by other means that the regular retail prices of Louis watches are substantially higher than they in fact are.'
 
 
 7
 Petitioners contend that the Commission was without power to strike finding 14 of the examiner and substitute its own finding. Petitioners' reliance upon Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951) is misplaced. That case does not require absolute adherence to the examiner's findings. Rather, the decision seeks to place the examiner's findings in proper perspective within the entire record. In such cases, 'the pattern and frame-work of the whole enterprise must be taken into consideration.' Goodman v. Federal Trade Commission, 244 F.2d 584, 601 (9 Cir. 1957). The Commission's finding, being supported by substantial evidence, is conclusive upon us.
 
 
 8
 After three days of hearing during which the testimony of eight witnesses was heard, the initial hearing examiner died, and a substitute hearing examiner was appointed to conclude the hearings. Petitioners contend the Commission's ruling on finding 14 was based on testimony of witnesses not heard by the substitute hearing examiner, thus raising a question of credibility governed by Gamble-Skogmo, Inc. v. Federal Trade Commission,211 F.2d 106 (8 Cir. 1954). But in Gamble-Skogmo, the substitute examiner was appointed after all the evidence was in, and his findings on conflicting testimony were admittedly based on credibility. In this case, the Commission made its findings on 'uncontroverted' evidence not involving credibility. Moreover, the substitute examiner offered petitioners the opportunity to recall any witnesses heard by the first examiner for either 'additional cross, or for further cross.' This they declined to do. For similar reasons petitioners' attack on the remaining findings must fail. The record as a whole supports the Commission.
 
 
 9
 The order is affirmed and an enforcement decree will be entered.
 
 
 
 [1]
 The pertinent provisions of the Act are--
 Sec. 5(a) (1) 'Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful.' 15 U.S.C.A. 45(a)(1).
 Sec. 5(a) (6) 'The Commission is empowered and directed to prevent persons, partnership, or corporations * * * from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce.' 15 U.S.C.A. 45(a)(6).
 Sec. 5(c) '* * * findings of the Commission as to the facts, if supported by evidence, shall be conclusive.' 15 U.S.C.A. 45(c).