332 F.2d 745
 DELAWARE WATCH COMPANY, Inc., a corporation, and A. Schwarcz & Sons, Inc., a corporation, and Steven Vogel and Leslie Shaw, individually and as officers of said corporations, Petitioners,
v.
FEDERAL TRADE COMMISSION, Respondent.
 No. 398.
 Docket 28513.
 United States Court of Appeals Second Circuit.
 Argued May 11, 1964.
 Decided May 13, 1964.
 
 Harvey M. Lewin, New York City, for petitioners.
 Lester A. Klaus, Atty., F. T. C., Washington, D. C. (James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, and Miles J. Brown, Atty., F. T. C., Washington, D. C., on the brief), for respondent.
 Before KAUFMAN, HAYS and MARSHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a hearing, the Federal Trade Commission found the various petitioners guilty of unfair and deceptive practices in that they failed to disclose the true metallic content of certain watchcase parts made of base metal which had been treated to simulate precious metals or stainless steel; failed to disclose the foreign origin of the watchcase parts; and misrepresented that their watches were "water-resistant." The petitioners here seek to set aside the Commission's resulting order, directing them to cease and desist from such practices.
 
 
 2
 We find it clear that the Commission's findings were supported by substantial evidence, and we hold that the petitioners' exceptions thereto are without merit. In most instances, the practices cited were virtually conceded by the petitioners, and the Commission's conclusion that such conduct was, in fact, misleading, was well within the scope of its discretion. The choice of a remedy is also a matter for the discretion of the Commission, and may not be disturbed on review unless that discretion is abused. See Federal Trade Commission v. Mandel Bros., 359 U.S. 385, 79 S.Ct. 818, 3 L.Ed.2d 893 (1959). Such is plainly not the case here.
 
 
 3
 Only one of petitioners' arguments warrants discussion. Thus, petitioner Delaware Watch Company, Inc., contends that it merely acted to clear the watch movements in question through customs, and that it was consequently innocent of the deceptive practices charged. Accordingly, Delaware insists that the complaint must be dismissed against it, and the order modified to exempt Delaware from the prohibitions imposed.
 
 
 4
 We find no error in the Commission's rejection of Delaware's arguments in this regard. As revealed before the Commission, petitioners Delaware and Schwarcz are New York corporations with their offices and principal places of business located at the same Manhattan address. Vogel and Shaw, the individual petitioners, are officers of both corporations, and Shaw is the president and majority stockholder of Schwarcz; Schwarcz, in turn, owns all of the stock of Delaware.
 
 
 5
 Under these circumstances, the Commission properly concluded that the functions of Delaware and Schwarcz were not sufficiently isolated as to warrant an exemption for Delaware. Rather, this seems a case in which the same individuals were transacting an integrated business through a maze of interrelated companies; in such a case, "the pattern and frame-work of the whole enterprise must be taken into consideration." Art National Mfrs. Dist. Co. v. Federal Trade Commission, 298 F.2d 476, 477 (2d Cir. 1962). Indeed, the Commission may well have believed that Vogel and Shaw would have been provided with a clear mechanism for avoiding the terms of the order if only Schwarcz — and not Delaware — were enjoined from the deceptive trade practices involved.
 
 
 6
 Petitioners' other contentions are without merit. The order is affirmed, and its enforcement is decreed.